IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 AUG 28 PM 3:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOE PIPER, INC.,<br>an Alabama corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE<br>COMPANIES, a corporation;<br>THE AMERICAN INSURANCE<br>COMPANY, a corporation, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. CV-03-CO-2192-S<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIM
## FOR DECLARATORY JUDGMENT

Come now the Defendants, Fireman's Fund Insurance Companies and the American Insurance Company, by and through counsel, and in response to the Complaint filed against them herein state as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants deny the material allegations of the Complaint and demand strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, consent, and/or release.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet its burden of proof with respect to each and every element of the causes of action alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure and/or lack of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants plead that the Plaintiff's claims do not sufficiently itemize their damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury or damage by reason of any act or omission by the Defendants.

### NINTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff justifiably or reasonably relied upon any alleged material misrepresentation.

### TENTH AFFIRMATIVE DEFENSE

Defendants plead accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants plead the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Any alleged injury or damage to the Plaintiff was not proximately caused by any act or omission on the part of the Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiff's alleged injuries and damages were caused by the acts or omissions of others for whom Defendants own no legal responsibility.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery under their Complaint for reason of its contributory negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

There is no causal relation between the acts of the Defendants and any injury or damage to the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to its failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages for the claims asserted in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendants' right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution, and violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### TWENTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages in this case will be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendants punitive damages,

which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America to impose punitive damages against Defendants which are penal in nature by requiring a burden of proof of Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the

present procedure and standards for imposing punitive damages are unconstitutional vague and violate Due Process under the aforesaid federal constitutional provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (3) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (5) by failing to provide a sufficiently clear, objectively, and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend this Answer and add any additional affirmative defenses which become applicable during the course of these proceedings, including without limitation after substantial completion of discovery.

### THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiff's suit is barred because of the failure of the Plaintiff to give prompt notice of the loss that is the subject of this suit.

### THIRTY FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred because of a set-off for the damages recovered or recoverable against Christopher Sweeney or Kwik-Pak, LLC.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

These Defendants give notice that the law of New York shall apply to the claims asserted by the Plaintiff in this suit.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff did not have an insurable interest in the property that is the subject of this suit. The Plaintiff's claim is barred because the Plaintiff had sold the property to Christopher Sweeney and or Kwik-Pak, LLC.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim against Defendants is barred because the Plaintiff elected to pursue a remedy against Christopher Sweeney and/or Kwik-Pak, LLC, barring this claim against these Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred against Defendants because the Plaintiff's actions that impaired the subrogation rights that otherwise would have been available to Defendants.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

This claim is barred because the subject insurance policy does not cover shortages disclosed by audit or upon taking inventory.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred because the deductible exceeds the amount of the Plaintiff's claim.

As to the specific paragraphs of the Plaintiff's Complaint, the Defendants answer as follows:

1. There is no response required of these Defendants.

2. The Defendants admit that Fireman's Fund Insurance Companies is a foreign corporation and does business within the state of Alabama. The remainder of this paragraph is denied.

3. Admitted.

4. The Defendants aver that National Surety Corporation issued an insurance policy to the Plaintiff. The remainder of this paragraph is denied.

5. The terms of the insurance policy are clearly stated in the policy and the policy speaks for itself. The remainder of this paragraph is denied.

6. The Defendants do not have sufficient information to admit or deny the averments of this paragraph and, therefore, they are denied.

7. The Defendants do not have sufficient information to admit or deny the averments of this paragraph and, therefore, they are denied.

8. The Defendants do not have sufficient information to admit or deny the averments of this paragraph and, therefore, they are denied.

9. Denied.

## COUNT I

10. The Defendants adopt and reallege the defenses previously set forth herein.

11. Denied.

12. Denied.

The Defendants deny that the Plaintiff is entitled to any recover from these Defendants.

## COUNT II

13. The Defendants adopt and reallege the defenses previously set forth herein.

14. Denied.

15. Denied.

The Defendants deny that the Plaintiff is entitled to any recover from these Defendants.

### COUNT III

16. The Defendants adopt and reallege the defenses previously set forth herein.

17. Denied.

18. Denied.

These Defendants deny that the Plaintiff is entitled to any recover from these Defendants.

### COUNTERCLAIM AND COMPLAINT FOR DECLARATORY JUDGMENT

Come now the Defendants, as Counterclaim Plaintiffs, and also National Surety Corporation (hereinafter "National Surety") as a Counterclaim Plaintiff, and for their Counterclaim and Complaint, state as follows:

### PARTIES

1. National Surety is a corporation organized under the laws of the state of Illinois with its principal place of business in Illinois and does business in the state of Alabama.

2. Joe Piper, Inc. ("Joe Piper") is an Alabama corporation with its principal place of business in Jefferson County, Alabama.

### VENUE AND JURISDICTION

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of fees and costs, and this action is between citizens of different states.

4. This Court has further jurisdiction over this action under the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

## FACTUAL ALLEGATIONS

5. National Surety issued an insurance policy, policy number 60 DZX 80791796. The effective dates of the policy were November 1, 2001 through November 1, 2002. Joe Piper is the named insured.

6. Joe Piper has alleged in a Complaint filed in the Federal District Court of the Northern District of Alabama that on or about January 9, 2002, the Plaintiff discovered that a customer, Christopher Sweeney ("Sweeney") and/or Kwik-Pak, LLC, had stolen many tons of inventory from a warehouse located in the state of New York.

7. A police report was filed on January 9, 2002 confirming the theft and a supplemental report was filed on January 10, 2002 stating that as much as 183 tons of paperboard had been stolen.

8. Mr. Sweeney, the owner and operator of Kwik-Pak, apparently orchestrated the theft of inventory over some period of time.

9. Representatives of Joe Piper entered into an agreement to secure payment from Sweeney, including, without limitation: (1) an arrangement to receive payments from the proceeds of the sale of Kwik-Pak; (2) the receipt of funds from a loan from the Small Business Administration; and (3) the receipt of funds from Sweeney's personal retirement account. In addition, Joe Piper secured Sweeney's signature on a Promissory Note promising payment of the value of the stolen merchandise as well as an amount of accounts receivable which was due on open account. Sweeney also signed a personal Guaranty on the note obligation.

10. The effect of the agreement to enter a Promissory Note promising payment for the paperboard was to confirm that Joe Piper had conveyed title to the paperboard to Mr. Sweeney and/or Kwik-Pak.

11.     Mr. Sweeney and/or Kwik-Pak have apparently made some payments on the Note, but the majority of the Note remains outstanding.

12.     The outstanding balance on the Note constitutes an accounts receivable of Joe Piper.

13.     The actions of Sweeney in taking the paperboard requires the application of the deductible payment for each and every occasion on which the property was taken. Because the thefts occurred on numerous occasions, the deductible amounts are multiplied by each and every occasion on which Sweeney and/or other representatives of Kwik-Pak took the paperboard that is the subject of this suit.

14.     Joe Piper and/or its representatives never made National Surety or any other defendant aware of this claim until July, 2002.

15.     The insurance policy issued by National Surety does not provide coverage for the allegations stated in Joe Piper's Complaint. Coverage for these claims is excluded because of the failure by Joe Piper to provide prompt notice of the claim. The insurance policy, as issued by National Surety, provides as follows:

> **A.     Duties in the Event of Loss or Damage**
>
> In the event of loss or damage to Covered Property you must:
>
> * * *
>
> 2.     Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> 3.     As soon as possible, give us a description of how, when and where loss or damage occurred.

16.     The insurance policy fails to provide coverage for the Plaintiff's claims for the further reason that the claim is for the collection of a bad debt rather than the loss of property. After discovery of the alleged loss, Joe Piper elected to accept payment from Sweeney and

Kwik-Pac in the form of a Promissory Note. Therefore, the goods had been sold and transferred to Sweeney and/or Kwik-Pac. Since the paperboard was no longer "business personal property which you [Joe Piper] owned;" nor were they "personal property of others in your [Joe Piper's] care, custody or control", there was no insurable interest by Joe Piper in these goods.

17. There further is no coverage for the Plaintiff's claims because Joe Piper effectively elected a remedy when it accepted the Promissory Note and pursued payment on the Note.

18. The actions of Joe Piper have impaired the subrogation rights otherwise available to National Surety, thereby voiding the terms of the policy.

19. The policy provides that coverage is excluded from a "shortage disclosed by audit or upon taking inventory." In discovering the claim, Joe Piper relied upon the audit and/or inventory to discover this shortage. Therefore, this claim is excluded from coverage.

20. Because of the number of occurrences where property was taken from the warehouse without permission by Sweeney and/or representatives of Kwik-Pac, the deductible is multiplied for each occurrence. The deductible exceeds the amount of the claim and, therefore, there is no coverage available for the Plaintiff's claims.

## COUNT 1

21. These Defendants/Counterclaim Plaintiffs adopt and reallege the matters previously set forth herein.

22. For each of the reasons set forth previously herein, there is no coverage under the subject National Surety policy for the claims and damages asserted by Joe Piper against National Surety Corporation and the other Defendants.

23. There has been no breach of contract since the claims asserted by the Plaintiff are not covered by the contract of insurance issued between National Surety Corporation and the Plaintiff.

24. Because there is no contractual liability by National Surety Corporation to the Plaintiff, there can be no extra contractual liability or tort liability on the part of these Defendants to the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Defendants/Counterclaim Plaintiffs respectfully request the following relief:

(a) This Court will take jurisdiction over this dispute and will find and declare that the Defendants/Counterclaim Plaintiffs and/or any other Defendant have no duty to indemnify or pay under the subject insurance policy the claims that are asserted by the Plaintiff in this suit.

(b) This Court will render such other, further or necessary relief as the Defendants/Counterclaim Plaintiffs and/or the other Defendants shall be entitled to in this case.

_____
Robert R. Baugh
Christopher S. Berdy
Attorneys for Defendant
FIREMAN'S FUND INSURANCE COMPANIES

OF COUNSEL:

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: (205) 930-5100
Fax: (205) 930-5335

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by United States, postage prepaid, and properly addressed on this _28T'_ day of <u>August</u>, 2003 as follows:

    Bruce L. Gordon, Esq.
    Brock G. Murphy, Esq.
    Gordon & Associates
    600 University Park Place, Suite 350
    Birmingham, AL  35209

                           _____
                           Of Counsel